In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00555-CV**

_____

**IN THE ESTATE OF TOM RICHARD DOYLE SR.**

**On Appeal from the County Court at Law**
**Liberty County, Texas**
**Trial Cause No. 11853**

**ORDER**

Tom Richard Doyle Jr. filed a declaration of inability to pay costs in the appellate court and requested that a clerk's record and a reporter's record be prepared. *See* TEX. R. APP. P. 20.1(c)(1), (3). The appellee filed a contest. *See* TEX. R. APP. P. 20.1(e). When an affidavit of indigence is filed in the appellate court and a contest is filed, the Court may refer the matter to the trial court. *See* TEX. R. APP. P. 20.1(h)(4).

It is, therefore, ORDERED that the appeal is abated and the case is remanded to the trial court for a determination of the appellant's indigence. The trial court shall hear evidence and grant the appropriate relief. *See* TEX. R. APP. P.

1

20.1(h)(4). The trial court shall set a hearing and notify the parties and the court reporter of the setting. The appellant must be provided an opportunity to participate in the hearing, in person or by telephone or through any reasonably effective form of remote access. The trial court shall either conduct a hearing within ten days of receiving the referred contest from this Court or within that time sign an order extending the hearing date for not more than twenty days. *See* TEX. R. APP. P. 20.1(i) (1), (2)(B), (3). Unless the trial court signs an order sustaining the contest within the period set for the hearing, the affidavit's allegations will be deemed true. *See* TEX. R. APP. P. 20.1(i)(4). If the trial court determines that the appellant is not indigent because he owns assets that are sufficient to pay the costs of an appeal, the trial court shall determine whether those assets are in the control of the appellee and shall determine whether sufficient funds to pay the costs of an appeal have been deposited in the appellant's inmate trust fund account and shall make written findings of fact and conclusions of law in support of its order. A supplemental clerk's record containing any orders signed by the trial court in connection with the contest and any documents filed with the trial court in connection with the contest, together with a reporter's record of any hearing conducted pursuant to this Order, shall be filed with the Court of Appeals by March 30, 2015.

ORDER ENTERED February 26, 2015.

PER CURIAM

Before McKeithen, C.J., Horton and Johnson, JJ.

2